**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SPECIAL COUNSEL
EX REL. MICHELLE GRADNIGO,
      Petitioner,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
CB-1208-25-0006-U-1

DATE: December 16, 2024

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Dustin Frankel, Esquire, Washington, D.C., for the petitioner.

Michelle Gradnigo, Paradise, California, pro se.

Coleen L. Welch, Esquire, Martinez, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman

**ORDER ON STAY REQUEST**

¶1      Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board stay Ms. Gradnigo's probationary termination for 45 days

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

while OSC prepares a petition for corrective action. For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2 In its December 11, 2024 stay request, OSC states that it has reasonable grounds to believe that the agency terminated Ms. Gradnigo from her position as a Site Manager in March 2022, because of protected whistleblowing activity in violation of 5 U.S.C. § 2302(b)(8). Stay Request File (SRF), Tab 1 at 4-5.

¶3 OSC alleges that, during her tenure at the agency, Ms. Gradnigo made disclosures about several property management issues and violations occurring at the outpatient clinic where she was assigned, which resulted in an influx of complaints being levied against her. *Id.* at 5. Specifically, OSC alleges that, shortly after she began her employment with the agency, Ms. Gradnigo disclosed to an Associate Director that a Nurse Manager had been misdirecting agency-owned medical supplies in violation of various laws, rules, and regulations. *Id.* at 9. Approximately 6 months after the appellant's disclosures, the Associate Director proposed Ms. Gradnigo's termination. *Id.* According to OSC, the Associate Director's decision to recommend termination was precipitated by the Nurse Manager having alleged that the appellant had trapped her and another employee in an office. *Id.* OSC states that this allegation was untrue and that the Nurse Manager made this false allegation because of the appellant's protected whistleblowing. *Id.*

¶4 Following her termination, the appellant filed a complaint with OSC. *Id.* at 5. On November 6, 2024, following its investigation, OSC issued a final prohibited personnel practices report in accordance with 5 U.S.C. § 1214(b)(2)(B) and requested that the agency respond within 30 days. *Id.* at 4-5. The agency subsequently requested an extension so that it could complete its own internal investigation. *Id.* at 4, 7. OSC avers that it declined to grant the agency a formal extension; however, it informed the agency that it would not file its petition for

corrective action before January 6, 2025, so that it may consider the agency's forthcoming response. *Id.* at 4-5, 7. OSC explains that it informed the agency that, in the meantime, it would seek a stay from the Board so that Ms. Gradnigo "does not continue to bear the cost of continued unemployment." *Id.* at 5.

## ANALYSIS

¶5 Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC "may request any member of the Merit Systems Protection Board to order a stay of any personnel action for 45 days if [OSC] determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice." Such a request "shall" be granted "unless the [Board] member determines that, under the facts and circumstances involved, such a stay would not be appropriate." 5 U.S.C. § 1214(b)(1)(A)(ii). OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed. *Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010). Deference is given to OSC's initial determination, and a stay will be denied only when the asserted facts and circumstances appear to make the stay request inherently unreasonable. *See id.*

¶6 To establish a violation of 5 U.S.C. § 2302(b)(8), OSC must show that the employee made a protected disclosure that was a contributing factor in the challenged personnel action. *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014). A disclosure is protected under 5 U.S.C. § 2302(b)(8) if the employee has a reasonable belief that the information being disclosed evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 12 (2014). The standard for evaluating the reasonableness of the belief is whether a

disinterested observer with knowledge of the essential facts known to and readily ascertainable to the employee could reasonably conclude that the actions of the Government evidence one of these types of wrongdoing. *Id.*

¶7        Pursuant to OSC's stay request, there are reasonable grounds to believe that Ms. Gradnigo made protected disclosures under 5 U.S.C. § 2302(b)(8), by disclosing the unlawful mismanagement of agency property. SRF, Tab 1 at 5, 9. Furthermore, based on OSC's assertions, there are reasonable grounds to believe that Ms. Gradnigo had a reasonable belief that she was disclosing a violation of law, rule, or regulation under 5 U.S.C. § 2302(b)(8); indeed, OSC indicates that her disclosures were "later substantiated by an investigation." *Id.* at 9. Additionally, based on the alleged facts discussed above, there are reasonable grounds to believe that Ms. Gradnigo's protected disclosures were a contributing factor in her probationary termination. *Id.*; *see Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 19 (explaining that an employee can establish that a prohibited animus toward a whistleblower was a contributing factor in a personnel action by showing that an individual with knowledge of the protected disclosure influenced the officials who are accused of taking the personnel actions); *see also Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶¶ 25-26 (2015) (finding that the appellant satisfied the contributing factor criterion via the knowledge/timing test when agency officials knew about the appellant's protected disclosure and removed her approximately 1 year after the disclosure).

¶8        Considering the deference that should be afforded to OSC in the context of an initial stay request and the assertions made in the instant stay request, I find that there are reasonable grounds to believe that the agency terminated Ms. Gradnigo during her probationary period in violation of 5 U.S.C. § 2302(b)(8). *See Sirgo v. Department of Justice*, 66 M.S.P.R. 261, 267 (1995) (recognizing that a probationary termination is a personnel action).

**ORDER**

¶9      Based on the foregoing, granting OSC's stay request would be appropriate. Accordingly, a 45-day stay of Ms. Gradnigo's probationary termination is GRANTED. The stay shall be in effect from December 16, 2024, through and including January 29, 2025. It is further ORDERED as follows:

(1)    During the pendency of this stay, the relator shall be placed in the position she held prior to her probationary termination;

(2)    The agency shall not effect any changes in the relator's duties or responsibilities that are inconsistent with the relator's salary or grade level, or impose upon the relator any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before January 14, 2025; and

(5)       Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before January 21, 2025.

FOR THE BOARD:           *Gina K. Grippando*
                                 _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.